```
1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   EASTERN DISTRICT OF CALIFORNIA
8
9  SAN LUIS UNIT FOOD PRODUCERS; EL )   1:09-cv-1871 OWW SMS
   DORADO FARMS; LAGUNA EXCELSIOR   )
10 FARMS LLC; JLK; RYAN FAMILY      )   SCHEDULING CONFERENCE ORDER
   FARMS LP; MARLU FARMS; SIMCOT    )
11 FARMS; BRAD GLEASON; ROSS ALLEN; )   Cross-Dispositive Motions
   CALIFORNIA PISTACHIO LLC; DOUBLE )   Filing Deadline: 2/22/10
12 B. FARMS; BUSTER ALLEN, INC.;    )
   TURK STATION LLC; C.S.           )   Oppositions Filing
13 STEFANOPOULOS; ELENA             )   Deadline: 3/22/10
   STEFANOPOULOS; D.D.              )
14 STEFANOPOULOS; PAGONA            )   Replies Filing Deadline:
   STEFANOPOULOS; UNIVERSAL LAND    )   4/5/10
15 CO.; CORT BLACKBURN; LAURA       )
   BLACKBURN; MC FARMS LLC; MARTY   )   Cross-Dispositive Motions
16 ACQUISTAPACE; CURTIS             )   Hearing Date: 4/26/10 11:00
   STUBBLEFIELD,                    )   Ctrm. 3 (extended time
17                                  )   reserved)
                Plaintiff,          )
18                                  )
        v.                          )
19                                  )
   UNITED STATES OF AMERICA;        )
20 DEPARTMENT OF THE INTERIOR;      )
   BUREAU OF RECLAMATION,           )
21                                  )
                Defendants.         )
22                                  )
                                    )
23 _____
24
25 I.    Date of Scheduling Conference.
26       February 3, 2010.
27 II.   Appearances Of Counsel.
28       Smiland & Chester by William M. Smiland, Esq., and Theodore
```

A. Chester, Jr., Esq., appeared on behalf of Plaintiffs.

David B. Glazer, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

1. This action arises out of the San Luis Unit (the "Unit") of the Central Valley Project ("CVP"). The Plaintiffs are 22 landowners and water users in the Unit and an unincorporated association; the Defendants are the United States, the Department of the Interior ("Interior"), and the Bureau of Reclamation (the "Bureau"). Plaintiffs assert in their complaint 15 claims for relief under the Administrative Procedure Act. Each such claim alleges that Defendants have a mandatory statutory duty under the Reclamation Act of 1902 (the "1902 Act"), as amended, the CVP Authorization Act of 1937 (the "1937 Act"), as amended, or the San Luis Unit Authorization Act of 1960 (the "1960 Act"). Each claim charges that Defendants are violating such duty. Each claim seeks declaratory relief that Defendants possess such a duty and are violating it. It also seeks mandatory injunctive relief. Five of the claims for relief allege mandatory statutory duties to operate the CVP and Unit irrigation facilities; four claims allege duties to exercise the project water rights; six claims allege duties to sell the water to recoup project costs.

2. Defendants deny that they owe Plaintiffs, or have breached, any of the duties Plaintiffs allege are mandatory duties imposed on Defendants. To the extent that Plaintiffs' allegations are construed to state more than legal conclusions, Defendants have either admitted, denied, or pled insufficient knowledge as to each such allegation. Defendants deny that

Plaintiffs are entitled to declaratory relief or injunctive relief.  Defendants plead six defenses in response to some or all of Plaintiffs' claims: lack of jurisdiction; sovereign immunity; failure to state a claim for relief; statute of limitations; laches; failure to exhaust administration remedies.

IV. Orders Re Amendments To Pleadings.

    1.  The parties do not presently intend to amend the pleadings.

V. Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.  Plaintiffs are farming entities that claim rights under the Reclamation laws of the United States.

        2.  Defendants, United States of America and its Department of the Interior and Bureau of Reclamation, are claimed to have statutory duties regarding the delivery and administration of water claimed by Plaintiffs.

    B. Contested Facts.

        1.  Defendants contest that they owe Plaintiffs, or have violated, the duties that Plaintiffs allege.  At this point, Defendants do not know what the factual predicates of Plaintiffs' claims are.

        2.  Plaintiffs contest the factual predicates of Defendants' defenses, including laches and failure to exhaust administrative remedies.

        3. All remaining legal issues are contested.

///
///

VI. Legal Issues.
   A.   Uncontested.
       1.   The issue of jurisdiction is disputed, although if jurisdiction exists, it is invoked under the Reclamation laws of the United States and the Administrative Procedure Act, 5 U.S.C. § 702 et seq.
       2.   Venue is proper under 28 U.S.C. § 1391.
       3.   There are no supplemental claims under State law.
       4.   Plaintiffs seek dispositive relief and declaratory relief.
   B.   Contested.
       1.   Jurisdiction.
       2.   Waiver of sovereign immunity.
       3.   Statute of limitations.
       4.   All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.
   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.
   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

*///*
*///*

IX. Discovery Plan and Cut-Off Date.
    A.    Proposal by Parties.
        1.    As discussed in the next section, the parties propose to file in the near term simultaneous motions that could well dispose of all or most of the issues in the case. Accordingly, they jointly request that the normally required discovery plan and disclosures be deferred. The dispositive cross-motions, the parties now believe, can be resolved largely on declarations and matters of which judicial notice can be taken. Defendants believe that issues concerning their alleged liability, if not resolved by Defendants' motion for judgment on the pleadings, should be resolved on the administrative record, under the Administrative Procedures Act, 28 U.S.C. §§ 701-706, and that discovery would therefore not be appropriate. However, after reviewing Plaintiffs' motion for summary judgment and supporting declarations, Defendants reserve the right to seek leave to conduct such discovery as may be appropriate under Fed. R. Civ. P. 56(f).

        2.    After the resolution of such dispositive cross-motions, Plaintiffs may seek mandatory injunctive relief. Either or both parties may seek to conduct discovery in this connection, in which case the parties could make the required disclosures and prepare a discovery plan and seek approval of the Court.

    B.    The Court.
        1.    The parties agree that cross-dispositive motions are appropriate to define and resolve legal issues presented by the complaint.

        2.    Cross-motions shall be filed on or before February

22, 2010.  Oppositions shall be filed on or before March 22, 2010.  Replies shall be filed on or before April 5, 2010.  April 26, 2010 will be the hearing date of the Cross-Motions.  The Court sets the hearing of the motions at 11:00 a.m. and reserves time for extended oral argument.

   3. The parties have agreed and the Court orders that the page limitation shall be suspended for this case for the initial cross-motions.  The opening legal motions and memoranda in support thereof shall not exceed 40 pages.  Opposition legal memoranda shall not exceed 40 pages.  Replies shall not exceed 25 pages.

X. Motions - Hard Copy.

 1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>PROTRUDING numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XI. Trial.

 1. There is no right to jury trial claimed in this action.

 2. Counsels' Estimate Of Trial Time:

  a. Not applicable.

 3. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XII. Settlement Conference.

 1. There is no need to schedule a Settlement Conference at this time.  The parties will notify the Courtroom Deputy in the event they believe a Settlement Conference would be productive.

 2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the

Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

a. A brief statement of the facts of the case.

b.  A brief statement of the claims and
defenses, i.e., statutory or other grounds upon which the claims
are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.
            c.  A summary of the proceedings to date.
            d.  An estimate of the cost and time to be
expended for further discovery, pre-trial and trial.
            e.  The relief sought.
            f.  The parties' position on settlement,
including present demands and offers and a history of past
settlement discussions, offers and demands.
XIII. Request For Bifurcation, Appointment Of Special Master,
Or Other Techniques To Shorten Trial.
     1.  The parties believe that no bifurcation order is
necessary at this time.  The above-proposed cross-motions may
resolve all or a major part of the case.  Thereafter, further
proceedings on possible injunctive relief may be scheduled.
XIV. Related Matters Pending.
     1.  The related cases are described in the Court's Order
Reassigning Case filed December 8, 2009.
XV.  Compliance With Federal Procedure.
     1.  The Court requires compliance with the Federal
Rules of Civil Procedure and the Local Rules of Practice for the
Eastern District of California.  To aid the court in the
efficient administration of this case, all counsel are directed
to familiarize themselves with the Federal Rules of Civil
Procedure and the Local Rules of Practice of the Eastern District

of California, and keep abreast of any amendments thereto.

XVI. Effect Of This Order.

1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

XVII. Telephone Appearances.

1. The parties are authorized to appear telephonically for scheduling matters. The parties shall be present for arguments on the dispositive cross-motions.

IT IS SO ORDERED.

Dated: February 3, 2010                    /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE